[No. 46218-4-II.   Division Two.   December 15, 2015.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD SCHMELING, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.
*Anthony F. Golik, Prosecuting Attorney*, and *Aaron Bartlett, Deputy*, for respondent.

¶1   MAXA, J. — Richard Schmeling appeals his conviction under RCW 69.50.4013 for possession of a controlled substance. He argues that RCW 69.50.4013 is unconstitutional as applied under the Eighth Amendment to the United States Constitution and under the Fourteenth Amendment's due process clause because the statute makes possession of very small amounts of a controlled substance a felony without requiring a culpable mental state, i.e., knowledge of possession or intent to possess. We disagree. In the unpublished portion of this opinion, we reject Schmeling's additional arguments. Accordingly, we affirm Schmeling's conviction and sentence.

## FACTS

¶2 As part of a theft investigation, law enforcement officers searched Schmeling's car and uncovered two small baggies that contained white residue. The residue was tested and turned out to be methamphetamine. The State charged Schmeling with possession of a controlled substance.[1]

¶3 Schmeling's first trial ended in a mistrial because of a hung jury. On retrial, the jury convicted Schmeling of possession of a controlled substance. Schmeling appeals his conviction.

## ANALYSIS

¶4 Schmeling argues that RCW 69.50.4013 violates the Eighth Amendment prohibition of cruel and unusual punishment and the Fourteenth Amendment's guaranty of due process because it makes possession of drug residue[2] a felony without requiring any culpable mental state. We disagree.

---

[1] Schmeling also was charged with and convicted of theft. However, he does not appeal his theft conviction.

[2] Schmeling emphasizes that he was convicted of possessing "drug residue" rather than a larger amount of methamphetamine. Under Washington law, possession of any amount of a controlled substance will support a conviction. *State*

A. Standard of Review

¶5  We review constitutional challenges de novo. *In re Welfare of A.W.*, 182 Wn.2d 689, 701, 344 P.3d 1186 (2015). Statutes are presumed constitutional. *Id.* The challenger bears the heavy burden of convincing the court that there is no reasonable doubt that the statute is unconstitutional. *Id.*

B. Eighth Amendment Challenge

¶6  The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. The basic concept of the Eighth Amendment is that punishment for a crime must be proportionate to the offense. *Graham v. Florida*, 560 U.S. 48, 59, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). There are two types of Eighth Amendment analysis: (1) determining whether a sentence is disproportionate to the particular crime, and (2) using categorical rules to define constitutional standards for certain classes of crimes or offenders. *Graham*, 560 U.S. at 59-60.[3] We hold that the first approach does not support Schmeling's claim and the second approach is inapplicable here.

1. Proportionality Analysis

¶7  Many Eighth Amendment cases address whether a particular punishment is disproportionate to the crime. *Id.* The Eighth Amendment "does not require strict proportionality between crime and sentence" and "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring)

---

*v. Higgs*, 177 Wn. App. 414, 436-38, 311 P.3d 1266 (2013), *review denied*, 179 Wn.2d 1024 (2014).

[3] Article I, section 14 of the Washington Constitution also prohibits cruel punishment. Our Supreme Court applies four factors in determining whether punishment is prohibited as cruel under article I, section 14. *State v. Witherspoon*, 180 Wn.2d 875, 887, 329 P.3d 888 (2014). However, because Schmeling relies only on the Eighth Amendment, we do not apply the article I, section 14 analysis.

(quoting *Solem v. Helm*, 463 U.S. 277, 288, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1982)). The Court has shown a reluctance to review legislatively mandated sentences. *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). As a result, successful challenges to the proportionality of sentences are "exceedingly rare." *Id.* at 272.

¶8  Here, Schmeling does not challenge the length of his sentence. Instead, he argues that classifying possession of small amounts of a controlled substance as a felony without a mens rea requirement constitutes cruel and unusual punishment. Our Supreme Court rejected a similar argument in *State v. Smith*, 93 Wn.2d 329, 345, 610 P.2d 869 (1980). Smith was convicted of possession of more than 40 grams of marijuana, which was punished as a felony. *Id.* at 332. He argued that the seriousness of the offense did not warrant classifying his crime as a felony. *Id.* at 342. The court rejected Smith's argument, noting that it was unaware of any authority supporting the proposition that classification alone could constitute cruel and unusual punishment. *Id.* at 342, 345. The court also held that Smith's actual sentence was not grossly disproportionate to his offense. *Id.* at 344-45.

¶9  Under the traditional proportionality analysis, *Smith* controls. Classification of a crime as a felony despite the absence of a mens rea requirement does not result in grossly disproportionate punishment.

### 2. Categorical Analysis

¶10  The second type of Eighth Amendment analysis addresses whether a particular punishment is categorically unconstitutional given the nature of the offense or the characteristics of the offender. *Graham*, 560 U.S. at 60. This analysis involves two steps. First, the reviewing court considers " 'objective indicia of society's standards, as expressed in legislative enactments and state practice' to determine whether there is a national consensus against the sentencing practice at issue." *Id.* at 61 (quoting *Roper v.*

*Simmons*, 543 U.S. 551, 563, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)). Second, the reviewing court considers precedent and its own understanding and interpretation of the Eighth Amendment to determine in the exercise of its own independent judgment whether the punishment is unconstitutional. *Graham*, 560 U.S. at 61.

¶11 Schmeling argues that we should apply the categorical approach here. However, until *Graham*, the only cases the United States Supreme Court had addressed under this classification involved the death penalty. *Id.* at 60. In *Graham*, the Court applied the categorical approach in holding that the Eighth Amendment prohibits the imposition of a life sentence without the possibility of release on a juvenile offender who did not commit homicide. *Id.* at 61-62, 82. As our Supreme Court has recognized, the holding in *Graham* was based on the difference between juveniles and adults and the propriety of sentencing juveniles to life in prison. *State v. Witherspoon*, 180 Wn.2d 875, 890, 329 P.3d 888 (2014).

¶12 *Graham* stands for the proposition that the categorical analysis applies to certain punishments involving juveniles. But the Court did not hold or even suggest that the categorical approach should be applied to all adult sentences under the Eighth Amendment. In the absence of any authority extending the categorical approach to cases not involving the death penalty or juvenile offenders, we decline to apply the categorical approach to punishment of adult drug offenders like Schmeling.[4]

¶13 We hold that under *Smith*, RCW 69.50.4013 does not violate the Eighth Amendment even though it punishes the

---

[4] Even if the categorical analysis was applicable, Schmeling fails to demonstrate that there is a national consensus against the challenged sentencing practice. In *Graham*, the juvenile offender was able to show that 39 states did not impose a life without parole sentence for nonhomicide juvenile offenses. Here, Schmeling can point to only 19 states that do not impose a felony sentence for residue controlled substance possession. Therefore, while Schmeling presents some indicia of states following the standard he asks us to adopt, he has failed to demonstrate that there is a national consensus for that sentencing standard.

possession of small amounts of controlled substances as a felony without imposing a mens rea requirement.

C. Due Process Challenge

■ ■ ¶14 The Fourteenth Amendment to the United States Constitution provides that no state may deprive a person of liberty without due process of law. We hold that RCW 69.50.4013 does not violate due process even though it makes possession of drug residue a crime without requiring any culpable mental state.

¶15 Strict liability crimes – crimes with no mens rea requirement – do not necessarily violate due process. "We do not go with Blackstone in saying that 'a vicious will' is necessary to constitute a crime, for conduct alone without regard to the intent of the doer is often sufficient. There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition." *Lambert v. California*, 355 U.S. 225, 228, 78 S. Ct. 240, 2 L. Ed. 2d 228 (1957) (citation omitted) (quoting 4 William Blackstone, Commentaries *21). Our Supreme Court repeatedly has stated that the legislature has the authority to create strict liability crimes that do not include a culpable mental state. *State v. Bradshaw*, 152 Wn.2d 528, 532, 98 P.3d 1190 (2004); *State v. Anderson*, 141 Wn.2d 357, 361, 5 P.3d 1247 (2000); *State v. Rivas*, 126 Wn.2d 443, 452, 896 P.2d 57 (1995).

¶16 Our Supreme Court twice has directly addressed whether the elements of possession of a controlled substance under prior versions of RCW 69.50.4013 contain a mens rea element. *Bradshaw*, 152 Wn.2d 528; *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981). In both cases, the court held that the legislature deliberately omitted knowledge and intent as elements of the crime and that it would not imply the existence of those elements. *Bradshaw*, 152 Wn.2d at 534-38; *Cleppe*, 96 Wn.2d at 380-81; *see also State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994) ("The State is not required to prove either knowledge or

intent to possess" a controlled substance.). The court did not express any concerns in either *Bradshaw* or *Cleppe* that allowing a conviction for the possession of a controlled substance without showing intent or knowledge somehow was improper.

¶17 In *Bradshaw*, the defendant argued that the possession statute violated due process because it criminalized innocent behavior. 152 Wn.2d at 539. The court summarily rejected the argument without discussion, noting that the defendant had offered little analysis in support of the argument and had failed to cite any relevant authority to show how the statute violated substantive due process. *Id.*

¶18 Here, Schmeling cites two cases from other jurisdictions holding that a strict liability offense violated due process. *See United States v. Wulff*, 758 F.2d 1121, 1125 (6th Cir. 1985); *State v. Brown*, 389 So. 2d 48, 51 (La. 1980). However, given our Supreme Court's repeated approval of the legislature's authority to adopt strict liability crimes and the express findings in *Bradshaw* and *Cleppe* that the possession of controlled substances statute contains no intent or knowledge elements, we do not find Schmeling's authority persuasive.

¶19 We hold that RCW 69.50.4013 does not violate due process even though it does not require the State to prove intent or knowledge to convict an offender of possession of a small amount of a controlled substance.

¶20 We affirm Schmeling's conviction and sentence.

¶21 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J., and LEE, J., concur.