# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47942-7-II |
| Respondent, | |
| v. | |
| DENISE LORRAINE WEISS, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Following a bench trial on a stipulated record, the trial court found Denise Lorraine Weiss guilty of unlawful possession of a controlled substance. At sentencing, the trial court waived discretionary legal financial obligations (LFOs), but imposed mandatory LFOs, including a mandatory $100 deoxyribonucleic acid (DNA) collection fee. Weiss appeals from the imposition of the mandatory $100 DNA collection fee, asserting that the DNA collection fee statute violates her substantive due process rights in light of her inability to pay the fee. We affirm.

## FACTS

On September 2, 2014, the State charged Weiss with unlawful possession of a controlled substance. The matter proceeded to a bench trial on a stipulated record, after which the trial court found Weiss guilty of the charged crime. At sentencing, defense counsel requested that the sentencing court waive discretionary LFOs, asserting that Weiss lacked the ability to pay the LFOs. The sentencing court inquired about Weiss's financial resources. Weiss told the sentencing court

that she (1) was not employed, (2) had not worked at a full-time job for six years, (3) was in the process of appealing the denial of social security disability benefits, and (4) had previously worked as a house painter but could not continue that work due to her disabilities. The sentencing court found that Weiss did not have the present or likely future ability to pay discretionary LFOs and, thus, declined to impose any discretionary LFOs. The sentencing court imposed $800 in mandatory LFOs, including $100 in DNA collection fees. Weiss appeals from the imposition of the mandatory DNA collection fee.

## ANALYSIS

RCW 43.43.7541[1] provides in relevant part that "[e]very sentence imposed for a crime specified in RCW 43.43.754 *must* include a fee of one hundred dollars" for the collection of the offender's DNA sample. (Emphasis added.) Sentencing courts lack discretion to waive this DNA collection fee. *State v. Mathers*, 193 Wn. App. 913, 920-21, 376 P.3d 1163 (2016), *review denied*, No. 93262-0 (Wash. Sept. 28, 2016); *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). Weiss contends that the mandatory nature of this DNA collection fee, without any consideration of her ability to pay the fee, violates her substantive due process rights. We disagree.

We review constitutional challenges de novo. *State v. Schmeling*, 191 Wn. App. 795, 798, 365 P.3d 202 (2015). We presume that a statute is constitutionally sound, and Weiss bears the heavy burden of showing that there is no reasonable doubt that the challenged statute is unconstitutional. *Schmeling*, 191 Wn. App. at 798.

---

[1] The legislature amended RCW 43.43.7541 in 2015. LAWS OF 2015, ch. 265 § 31. Because this amendment is not relevant to the issue in this case, we cite to the current version of the statute.

Our state and federal constitutions prohibit the deprivation of life, liberty, or property without due process of law. U.S. CONST., amends. V, XIV, § 1; WASH. CONST., art. I, § 3. "'The due process clause of the Fourteenth Amendment confers both procedural and substantive protections.'" *Nielsen v. Dep't of Licensing*, 177 Wn. App. 45, 52, 309 P.3d 1221 (2013) (quoting *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006)). "Substantive due process protects against arbitrary and capricious government action." *Amunrud*, 158 Wn.2d at 218-19. Government action violates substantive due process if the resulting deprivation of life, liberty, or property is substantively unreasonable or is unsupported by a legitimate justification. *Nielsen*, 177 Wn. App. at 53.

Weiss concedes that the mandatory DNA collection statute does not concern a fundamental right and that our review of her constitutional challenge to the statute is under the rational basis standard. Under the rational basis standard, we determine whether a rational relationship exists between the challenged law and a legitimate state interest. *Amunrud*, 158 Wn.2d at 222. This standard is highly deferential to the challenged law. *Nielsen*, 177 Wn. App. at 56.

Weiss acknowledges the legislature's legitimate interest in funding the collection, analysis, and retention of convicted offenders' DNA profiles to facilitate criminal investigations and prosecutions, but contends that the interest is not rationally served by imposing a mandatory fee on offenders unable to pay it. We recently rejected an argument identical to Weiss's: that the mandatory nature of the DNA collection fee, without any consideration of her ability to pay the fee, violates her substantive due process rights.

In *State v. Seward*, we held,

> [T]hat the DNA collection fee, the [victim penalty assessment], and the filing fee
> are rationally related to the legitimate state interests described above in two ways.

3

No. 47942-7-II

> First, imposing these fees and the assessment on all felony offenders without first considering their ability to pay is rationally related to legitimate state interests because even though some offenders may be unable to pay, some will. So the imposition of these fees and assessments on all offenders creates funding sources for these purposes.
>
> Second, imposing these fees and the assessment on offenders who may be indigent at the time of sentencing is also rationally related to funding these purposes because the defendant's indigency may not always exist. We can conceive of situations in which an offender who is indigent at the time of sentencing will be able to pay the fees and assessments in the future. So it is not unreasonable to believe that imposing these fees and assessments on all indigent offenders would result in some funding for these purposes.

No. 47581-2, slip op. at 5-6 (Wash. Ct. App. Nov. 1, 2016).

Accordingly, we affirm the imposition of the DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

JOHANSON, J.

I concur:

LEE, J.

4

No. 47942-7-II

BJORGEN, C.J. (concurring) — I disagreed with the majority's substantive due process analysis in *State v. Seward*, No. 47581-2, slip op. (Wash. Ct. App. Nov. 1, 2016), for the reasons set out in my dissent in that appeal. My disagreement with that analysis continues, but, because *Seward* is a published decision of this court, concur with applying it in this appeal.

Bjorgen, C.J.
_____
BJORGEN, C.J.

5