IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35601-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHANNON B. BLAKE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Shannon Blake appeals her conviction for unlawful possession of a controlled substance—methamphetamine. She argues the trial court violated her Sixth Amendment to the United States Constitution right to a jury trial when, at sentencing, it found she was chemically dependent and it increased her community custody sentence above the standard range. She also argues requiring her to prove unwitting possession to the charged offense violates due process. She further argues we should remand to have the trial court strike the $200 criminal filing fee and two community custody conditions. We agree that the $200 criminal filing fee must be struck, but otherwise affirm.

FACTS

The Spokane Police Department executed a search warrant for a criminal investigation unrelated to Ms. Blake's present charge. Ms. Blake was taken into custody and later searched at the Spokane County Jail. Jail staff located a small "baggie" containing methamphetamine in the coin pocket of her jeans.

*Trial*

The State charged Ms. Blake with unlawful possession of a controlled substance—methamphetamine. Ms. Blake waived her right to a jury trial, both orally and in writing.

At her bench trial, Ms. Blake testified she had no knowledge that the jeans she wore contained methamphetamine. She acknowledged the jeans did in fact contain methamphetamine and that the jeans belonged to her. Ms. Blake claimed the jeans were a gift from a friend and that she had received the jeans two days before she was arrested.

Ms. Blake's boyfriend also testified at trial and attempted to corroborate Ms. Blake's story. The trial court did not find the testimonies of Ms. Blake or her boyfriend credible. The court determined that Ms. Blake did not meet her burden of proving unwitting possession by a preponderance of the evidence and found her guilty.

*Sentencing*

At sentencing, the State urged the court to sentence Ms. Blake under the first time offender option, which would reduce the high end of her standard range sentence from 6 months to 90 days. The State also asked the trial court to make a finding that Ms. Blake is chemically dependent, which would permit the court to impose 12 months of community custody.

Ms. Blake did not object to the trial court sentencing her as a first time offender. Ms. Blake argued that she was not chemically dependent and asked the trial court to impose only six months of community custody.

The trial court found that Ms. Blake had a chemical dependency that contributed to her crime. The court then sentenced her to three days in jail, with credit for three days served. The court also imposed 12 months of community custody for treatment.

In addition, the court imposed community custody conditions. The conditions required Ms. Blake to remain within prescribed geographical boundaries as directed by her community corrections officer (CCO) and to obey all conditions of probation imposed by the Department of Corrections (DOC).

Ms. Blake appeals.

ANALYSIS

A.    MS. BLAKE'S SIXTH AMENDMENT CLAIM

Ms. Blake argues the trial court violated her right to a jury trial under the Sixth Amendment to the United States Constitution when, at sentencing, it made the chemical dependency finding that allowed it to impose a community custody term above her standard range sentence.

It is unconstitutional under the Fourteenth Amendment's due process clause and the Sixth Amendment "'to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (quoting *Jones v. United States*, 526 U.S. 227, 252-53, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999) (Stevens, J. concurring)). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* The "statutory maximum" means "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

4

No. 35601-9-III
*State v. Blake*

A defendant may waive his or her right to have a jury decide facts that increase the maximum sentence beyond the statutory maximum. *State v. Trebilcock*, 184 Wn. App. 619, 632, 341 P.3d 1004 (2014). As explained below, we need not decide whether Ms. Blake's jury waiver extended to the trial court's chemical dependency finding at sentencing.

RCW 9.94A.650 provides in relevant part:

> (2) In sentencing a first-time offender the court may waive the imposition of a sentence within the standard sentence range and impose a sentence which may include up to ninety days of confinement . . . .
> (3) The court may impose up to six months of community custody unless treatment is so ordered, in which case the period of community custody may include up to the period of treatment, but shall not exceed one year.

Here, Ms. Blake agreed for the trial court to sentence her under the first time offender statute. Under the statute, the standard range community custody term for an offender ordered to undergo treatment is the treatment period, not to exceed one year. Here, Ms. Blake was ordered to undergo treatment. Her one-year community custody term, therefore, was within the standard range.

B.    CRIMINAL FILING FEE

Ms. Blake argues the trial court's imposition of the $200 criminal filing fee must be struck due to a change in law.

5

RCW 36.18.020(2)(h) prohibits trial courts from imposing the $200 criminal filing fee against indigent defendants. This statute, effective June 7, 2018, applies prospectively to pending direct appeals. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The trial court found Ms. Blake indigent for purposes of appeal. We, therefore, direct the trial court to strike the $200 criminal filing fee.

C.     MS. BLAKE'S DUE PROCESS CLAIM

The crime of possession of a controlled substance does not require a mens rea element. *State v. Bradshaw*, 152 Wn.2d 528, 532, 98 P.3d 1190 (2004); *see also State v. Cleppe*, 96 Wn.2d 373, 380, 635 P.2d 435 (1981). The affirmative defense of unwitting possession has been adopted by our courts to "ameliorate[ ] the harshness of the almost strict criminal liability our law imposes for unauthorized possession of a controlled substance." *Cleppe*, 96 Wn.2d at 380-81.

Ms. Blake argues that placing the burden on her to prove unwitting possession violates due process. This argument was addressed and rejected in *State v. Schmeling*, 191 Wn. App. 795, 365 P.3d 202 (2015). Ms. Blake requests that we not follow *Schmeling*, but fails to articulate specific reasons why *Schmeling* was wrongly decided. We reject Ms. Blake's request.

D.        COMMUNITY CUSTODY CONDITIONS; VAGUENESS

Ms. Blake challenges two conditions: (1) that she remain within prescribed geographical boundaries as directed by her CCO, and (2) to obey all conditions imposed by the DOC.  She contends that the community custody conditions are unconstitutionally vague because they do not specify proscribed conduct and they allow the CCO and DOC boundless discretion.  The State responds that Ms. Blake's preenforcement challenge to community custody conditions is not ripe for review.  We disagree.

A defendant may bring a preenforcement vagueness challenge to sentencing conditions if the challenge is sufficiently ripe.  *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008).  The Washington Supreme Court has adopted a three-pronged test to determine if a vagueness challenge on community custody conditions is ripe for review. *Id.*  The claim is ripe if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.  *Id.*

Ms. Blake's challenges are ripe for review.  The legal question of whether the conditions are vague does not require further factual development.  Next, the challenged action is final as Ms. Blake has been convicted and sentenced.  Lastly, as with most vagueness challenges, the inquiry is primarily legal.  *Id.* at 752.

In *Bahl*, the defendant challenged conditions that prohibited him from possessing or accessing pornographic materials as directed by the CCO and from frequenting establishments whose primary business pertains to sexually explicit or erotic material. *Id.* at 754, 758. There, the court held that the preenforcement challenges could be evaluated on the existing record. *Id.* at 752. Likewise, here, Ms. Blake's challenges can be evaluated on the present record and her challenges are, therefore, ripe for review.

The due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the Washington Constitution requires citizens to have fair warning of what conduct is prohibited by law. *Id.* at 752. A statute is unconstitutionally vague if it "'(1) . . . does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *Id.* at 752-53 (alterations in original) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

In the present case, the first challenged condition requires Ms. Blake to comply with the geographical boundaries set by the CCO. This prohibition is identical to the guidelines set forth by RCW 9.94A.704, which establish the rules for community custody. The statute provides: "If the offender is supervised by the [D]epartment [of Corrections],

the [D]epartment shall at a minimum instruct the offender to . . . [r]emain within prescribed geographical boundaries . . . ." RCW 9.94A.704(3)(b). Ms. Blake contends that this condition confers boundless discretion on the CCO. We disagree.[1] First, this condition informs an ordinary person that he or she will be subject to geographic limitations while under community custody. The challenged condition does not contain a vague or undefined term that would leave an ordinary person confused about what conduct is prohibited. In addition, conditions set by the CCO must be provided to the offender in writing and the offender has an opportunity for administrative review to challenge the lawfulness of the condition. RCW 9.94A.704(7)(a)-(b). This process prevents arbitrary enforcement of the community custody condition.

Next, the challenged condition that Ms. Blake obey all conditions by the DOC is not unconstitutionally vague. This condition mirrors RCW 9.94A.704(4): "The department may require the offender to participate in rehabilitative programs, or otherwise perform affirmative conduct, and to obey all laws." The requirements that Ms.

---

[1] The due process vagueness challenge to similar conditions has been routinely rejected by the Court of Appeals in unpublished cases. *See, e.g.*, *State v. Vanderveer*, noted at 171 Wn. App. 1034, 2012 WL 5503563, at *1; *State v. Forgey*, noted at 166 Wn. App. 1047, 2012 WL 688232, at *8; *State v. Osier*, noted at 168 Wn. App. 1031, 2012 WL 2018201, at *2-*3.

Blake be provided notice and an opportunity for administrative review also apply to this condition.

We reject Ms. Blake's claim that the community custody conditions are unconstitutionally vague.

Affirmed, except strike $200 criminal filing fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

No. 35601-9-III

KORSMO, J. (concurring) — Although I have signed the majority opinion, I write separately to briefly discuss the disquieting consequences of accepting Ms. Blake's argument concerning the chemical dependency finding. If she is correct that a chemical dependency finding actually is an aggravating factor subject to a jury fact-finding, then the prosecutor, rather than the sentencing judge, will control treatment options available to the defendant because those possibilities will be fixed by the charging decision. The charging authority also could be used to file chemical dependency allegations for the purpose of putting evidence of a defendant's possible drug usage in front of a jury in a situation where it otherwise would not be relevant. These scenarios benefit no one.

Exactly what constitutes a "fact" that increases an offender's potential punishment has been in flux since *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Ms. Blake rightly notes that any element-like findings must be alleged by the prosecutor and proved to a jury, although aggravating factors need not necessarily be alleged in the charging document itself. *State v. Siers*, 174 Wn.2d 269, 276-277, 274 P.3d 358 (2012).[1] While a criminal defendant can waive proof of an

---

[1] Our court once summarized the issue: a "sentence enhancement must not only be alleged, it also must be authorized by the jury in the form of a special verdict." *State v. Williams-Walker*, 167 Wn.2d 889, 900, 225 P.3d 913 (2010).

aggravating factor, neither the defendant nor the trial court has the ability to file charges, a power that rests solely with the executive authority.

Similarly, it has been recognized that courts have no criminal sentencing authority that has not been granted by the legislature. *State v. Pillatos*, 159 Wn.2d 459, 469, 150 P.3d 1130 (2007) (no authority for courts to adopt sentencing procedure necessary to comply with United States Supreme Court mandate); *State v. Ammons*, 105 Wn.2d 175, 180, 713 P.2d 719, 718 P.2d 796 (1986) (legislature has plenary authority over setting punishments). If chemical dependency truly is an aggravating factor, then the court's authority to consider the possibility is left to the graces of the prosecutor, further limiting judicial authority at sentencing. Treating the chemical dependency finding as an aggravating factor also may negatively impact other sentencing alternatives that utilize greater than typical periods of community supervision.[2]

Turning the keys to rehabilitative treatment over to the prosecutor is an unusual argument for a defendant to make. I hope others do not follow in Ms. Blake's steps.

_____
Korsmo, J.

---

[2] The legislature may need to reconsider whether it wants to continue treating supervision as a period of "punishment." RCW 9.94A.505(5).

2