IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE,<br><br>             Respondent,<br><br>      v.<br><br>JOSE RODRIGUEZ,<br><br>             Petitioner. | No. 79353-5-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

LEACH, J. — Jose Rodriguez appeals his conviction for sexual exploitation. He claims that Seattle Municipal Code 12A.10.040(A)(2)[1] (SMC 12A.10.040) is unconstitutional because it is overbroad and vague. He also claims two conflicting jury instructions denied him a fair trial.

Rodriguez fails to show how SMC 12A.10.040 impermissibly burdens innocent or constitutionally protected activity, how an ordinary person would not be able to understand what conduct is prohibited, or how the ordinance provides unascertainable standards of guilt to protect against arbitrary enforcement. Also, Rodriguez failed to object to the jury instructions below and does not show any constitutional error regarding the instructions. We affirm.

---

[1] Former SEATTLE MUNICIPAL CODE 12A.10.040(A)(2) (2015).

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

On February 2, 2016, Seattle Police Department Detective Tammie Case worked undercover as a prostitute. Jose Rodriguez text messaged Case to meet her for sex. Case sent Rodriguez the address. Case told Rodriguez she would meet him outside her apartment. When she opened the door, Rodriguez was not there. After calling him, she saw Rodriguez across the street sitting on some steps. After she started waving at him, he walked toward her from across the street. Both Case and Rodriguez entered the elevator to go upstairs. Rodriquez stated he wanted a half hour. While they were walking in the hallway, Case asked him what he wanted and he responded, "[j]ust sex." She said, "Okay, $80 bucks." He shook his head and said, "[y]es" and held up eight fingers. When they entered the room, Officer Garner was there. Case asked Rodriguez if he wanted two girls. He responded, "No, just one girl" and held up one finger. Officer Garner left and Rodriguez handed Case $80. He was arrested and charged with sexual exploitation or patronizing a prostitute under SMC 12A.10.040.

Before trial, Rodriguez asked the trial court to dismiss the charge because the sexual exploitation statute was "content-based speech regulation in violation of the United States and Washington state constitutions." The trial court denied his request. After trial, the jury found Rodriguez guilty of sexual exploitation. Rodriguez appeals.

ANALYSIS

Constitutionality of SMC 12A.10.040

Rodriguez challenges the constitutionality of SMC 12A.10.040 on the grounds of vagueness and overbreadth. We review these claims de novo. A court usually presumes

a statute is constitutional.[2] The party challenging its constitutionality has the burden of proving otherwise beyond a reasonable doubt.[3]

<u>Overbreadth</u>

Rodriguez contends Seattle's sexual exploitation ordinance SMC 12A.10.040 is unconstitutionally overbroad because it proscribes content based speech while prohibiting the trier of fact from considering the defendant's intent or knowledge. As a result, it criminalizes both protected and unprotected speech.

A statute is overbroad if it impermissibly burdens innocent or constitutionally protected activity.[4] A court will only declare a law unconstitutional on overbreadth grounds if that overbreadth is "substantial."[5] When a challenge involves conduct rather than speech, we judge the overbreadth of the law in relation to its legitimate sweep.[6] Rodriguez was convicted of violating SMC 12A.10.040, which provided in part,

A.  [a] person is guilty of sexual exploitation if:

1.      Pursuant to a prior understanding, he or she pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him or her; or
2.      He or she pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person will engage in sexual conduct with him or her; or
3.      He or she solicits or requests another person to engage in sexual conduct with him or her in return for a fee.
. . .

---

[2] <u>Madison v. State</u>, 161 Wn.2d 85, 92, 163 P.3d 757 (2007).
[3] <u>Madison</u>, 161 Wn.2d at 92.
[4] <u>State v. O'Neill</u>, 103 Wn.2d 853, 700 P.2d 711 (1985).
[5] <u>State v. Myers</u>, 133 Wn.2d 26, 32, 941 P.2d 1102 (1997) (citing <u>New York v. Ferber</u>, 458 U.S. 747, 767, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982)); <u>City of Seattle v. McConahy</u>, 86 Wn. App. 557, 569, 937 P.2d 1133 (citing <u>O'Day v. King County</u>, 109 Wn.2d 796, 803, 749 P.2d 142 (1988), <u>rev. denied</u>, 133 Wn.2d 1018 (1997)).
[6] <u>Myers</u>, 133 Wn.2d at 32.

C. As authorized by Section 12A.04.100, liability for sexual exploitation does not require proof of any of the mental states described in Section 12A.04.030.[7]

Rodriguez correctly notes the ordinance does not require an intent element, and he claims this shows it is not narrowly tailored, making it unconstitutional. Here, SMC 12A.10.040 adequately defines criminal conduct as soliciting another to engage in sexual conduct in return for a fee. This clearly proscribes prostitution. The First Amendment does not protect prostitution.[8] So, we reject his claim that this ordinance must survive a strict scrutiny analysis to be constitutional.

This court has previously stated, "the mere act of offering to engage in sexual intercourse for a consideration is a violation of the law. No overt act is required to complete the offense."[9] And, "[o]ur Supreme Court repeatedly has stated that the legislature has the authority to create strict liability crimes that do not include a culpable mental state."[10] So, SMC 12A.10.040 does not impermissibly burden innocent or constitutionally protected activity.

Rodriguez claims the court in City of Seattle v. Slack[11] held a scienter element was required to uphold limitations on speech even for laws related to prostitution. We disagree. In Slack, the relevant ordinance "prohibits an individual, including a 'known prostitute,' from loitering in a public place while possessing the criminal intent to solicit, induce, entice, or procure another to commit prostitution."[12] And, the court there held that

---

[7] Former SMC 12A.10.040(A)(2).
[8] State v. Carter, 89 Wn.2d 236, 240-41, 570 P.2d 1218 (1977).
[9] City of Yakima v. Emmons, 25 Wn. App. 798, 801, 609 P.2d 973 (1980).
[10] State v. Schmeling, 191 Wn. App. 795, 801, 365 P.3d 202 (2015).
[11] 113 Wn.2d 850, 784 P.2d 494 (1989).
[12] 113 Wn.2d at 855.

the intent element saved the ordinance from being unconstitutionally overbroad. Loitering in a public place is constitutionally protected, and the status alone of being a "known prostitute," cannot by itself be a crime.[13] Without the intent element, the ordinance would criminalize constitutionally protected acts of loitering and being a known prostitute. Here, there is no similar need for an intent element to prevent the ordinance from being unconstitutionally overbroad because SMC 12A.10.040, prohibits asking an individual to exchange sexual conduct for money, which is not a constitutionally protected activity.[14] Rodriguez cites no relevant or controlling authority that supports his claim. The challenged ordinance is not overbroad.

Vagueness

Rodriguez next contends SMC 12A.10.040 is unconstitutionally vague because an ordinary person would not be able to reconcile the terms "agreement" and "pursuant to an understanding" with the additional language prohibiting the trier of fact from considering the defendant's intent or knowledge.

A statute is void for vagueness if it either fails to define a criminal offense with sufficient definiteness, so that ordinary people can understand what conduct is prohibited, or it does not provide ascertainable standards of guilt to protect against arbitrary enforcement.[15] But, "[t]he fact that some terms in a statute are not defined does not mean the enactment is unconstitutionally vague."[16] Also, "some measure of vagueness is inherent in the use of language [so] impossible standards of specificity are not

---

[13] Slack, 113 Wn.2d at 855.
[14] Carter, 89 Wn.2d at 240-41.
[15] State v. Williams, 144 Wn.2d 197, 203, 26 P.3d 890 (2001).
[16] State v. Lee, 135 Wn.2d 369, 393, 957 P.2d 741 (1998).

required."[17]  Simply because the legislature could have drafted the statute with more precision, the court does not invalidate the statute for vagueness.[18]

The court may rely upon the dictionary when statutory terms are undefined.[19]  "Agree" is defined as "to indicate willingness: consent,"[20] and "understanding" is defined as "a mutual agreement not formally entered into but in some degree binding on each side."[21]

Rodriguez claims a plain reading of "agreement" and "understanding" suggests a consistent, subjective intent that sexual conduct for a fee would occur.  But, neither of the cited definitions requires a subjective intent.  An agreement to do something and an understanding can both be objectively communicated.  For example, if someone asks another to exchange money for sexual conduct, both the agreement to pay and the understanding that the payment is for sexual conduct have been articulated in an objective manner with the very words spoken.[22]

Neither of these definitions, when read together with the provision that a trier of fact is not required to consider a defendant's mental state, prohibits an ordinary person from understanding what conduct is prohibited.  SMC 12A.10.040 is not "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its applicability."

Rodriguez also claims, "[b]y excising the requirement for any proof of a person's

---

[17] City of Seattle v. Abercrombie, 85 Wn. App. 393, 399, 945 P .2d 1132 (1997).
[18] State v. Harrington, 181 Wn. App. 805, 824-25, 333 P.3d 410 (citing to State v. Watson, 160 Wn.2d 1, 11, 154 P.3d 909 (2007).
[19] Armantrout v. Carlson, 166 Wn.2d 931, 937, 214 P.3d 914 (2009).
[20] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 43 (2002).
[21] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2490 (2002).
[22] Such as responding "yes" to an offer of sexual conduct for money.

knowledge or intent, Seattle left the enforcement of the law entirely to the discretion of the police" and the officer's ability to make a subjective evaluation of whether the ordinance applies in a given situation. He claims this makes the ordinance vague.

The mere fact that a law may require some degree of subjective evaluation by a police officer to determine whether a statute applies does not make the law unconstitutionally vague.[23] "Under the due process clause, the enactment is unconstitutional only if it invites an inordinate amount of police discretion."[24]

Here, Rodriguez fails to fully explain how the officer's discretion in deciding whether to arrest a suspect for prostitution, based on their observation of an objective act of offering money for sexual conduct, "invites an inordinate amount of police discretion" outside of the normal level of police officer discretion.[25] The ordinance is not impermissibly vague.

Jury Instructions

Rodriguez claims that the "vagueness inherent in" SMC 12A.10.040 resulted in contradictions between Instructions No. 7 and No. 10. Because Rodriguez never objected to either jury instruction,[26] we only address his constitutional claim that the instructions denied him a fair trial.[27] He supports this claim with the same vagueness argument that we rejected above. So, his constitutional challenge to the instructions fails.

---

[23] State v. Harrington, 181 Wn. App. 805, 825, 333 P.3d 410 (2014) (citing to In re Detention of Danforth, 173 Wn.2d 59, 74, 264 P.3d 783 (2011) (citation omitted).

[24] Harrington, 181 Wn. App. at 825 (citing to Danforth, 173 Wn.2d at 74) (citation omitted).

[25] Harrington, 181 Wn. App. at 825.

[26] State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995).

[27] State v. Grimes, 165 Wn. App. 172, 185-86, 267 P.3d 454 (2011) (quoting State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)).

CONCLUSION

We affirm. Rodriguez fails to show that SMC 12A.10.040 criminalizes protected speech or that an ordinary person would not be able to understand it. He also fails to show that the ordinance invites an inordinate amount of police discretion. So, he fails to show the ordinance is unconstitutionally overbroad or unconstitutionally vague. Finally, Rodriguez did not object to the challenged jury Instructions and fails to show any constitutional error in them.

_____Leach, J._____

WE CONCUR:

_____          _____