[No. 63094-6-I.   Division One.   August 2, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. CALVIN ELIJAH WILLIAMS, *Appellant*.

690

*Eric Broman* and *Christopher Gibson* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Sean P. O'Donnell, Deputy,* for respondent.

¶1 APPELWICK, J. — This appeal presents a single issue: whether a court may prohibit a defendant from unsupervised contact with minors as a condition of a sentence for failure to register as a sex offender. Finding no error, we affirm.

## FACTS

¶2 Because Calvin Williams had a conviction for rape of a child in the third degree and was homeless, he was required to report weekly to the King County Sheriff's Office. When he failed to report, the State charged him with failure to register as a sex offender contrary to RCW

9A.44.130(11)(a). The jury found him guilty as charged. The trial court sentenced Williams to 57 months. The court also ordered Williams to have no unsupervised contact with minors for five years. Williams did not object.

¶3 Williams appeals the trial court's imposition of the condition prohibiting unsupervised contact with minors.

## DISCUSSION

■ ¶4 We review the imposition of crime-related prohibitions for an abuse of discretion. *State v. Ancira*, 107 Wn. App. 650, 653, 27 P.3d 1246 (2001). We will reverse only if the decision is manifestly unreasonable or is based on untenable grounds. *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993); *State v. Cunningham*, 96 Wn.2d 31, 34, 633 P.2d 886 (1981).

¶5 Williams challenges the court's imposition of a five-year prohibition against unsupervised contact with minors. He argues that this condition is not directly related to the crime of failure to register as a sex offender, in violation of RCW 9.94A.505(8). We disagree.

¶6 The trial court entered the prohibition regarding contact with minors as a condition of Williams's sentence for failing to register as a sex offender. RCW 9.94A.505(8) provides: "As part of any sentence, the court may impose and enforce crime related prohibitions and affirmative conditions as provided in this chapter." "Crime related prohibitions" are defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." Former RCW 9.94A.030(13) (2007).

■ ■ ¶7 The existence of a relationship between the crime and the condition " 'will always be subjective, and such issues have traditionally been left to the discretion of the sentencing judge.' " *State v. Parramore*, 53 Wn. App. 527, 530, 768 P.2d 530 (1989) (quoting DAVID BOERNER, SENTENCING IN WASHINGTON § 4.5 (1985)). No causal link need

be established between the condition imposed and the crime committed, so long as the condition relates to the circumstances of the crime. *State v. Llamas-Villa*, 67 Wn. App. 448, 456, 836 P.2d 239 (1992) (citing *Parramore*, 53 Wn. App. 527). In *Parramore*, the court affirmed a community supervision condition as directly related to his drug conviction, despite the absence of evidence of whether the defendant actually used drugs. 53 Wn. App. at 532.

¶8 "Circumstance" is defined as "[a]n accompanying or accessory fact." BLACK'S LAW DICTIONARY 277 (9th ed. 2009). The crime of failure to register as a sex offender cannot exist in a vacuum. Rather, it is inextricably linked to the underlying crime, here rape of a child in the third degree. The nature of Williams's underlying conviction was an accessory fact properly considered by the court at sentencing. Thus, the prohibition against unsupervised contact with minors was reasonable, because it was directly related to the circumstances of the crime of failure to register.

¶9 In *State v. Riles*, the court held that an order prohibiting one of the two defendants from having contact with minors was questionably overbroad where the defendant was convicted of raping an adult. 135 Wn.2d 326, 352, 957 P.2d 655 (1998). The court held, "There is no reasonable relationship between his offense and the provision for no contact with minors. There is nothing in the record to indicate he is a danger to children now or predictably would be upon his release from prison earlier or in thirty or forty years." *Id.* Here, the record shows that Williams may be a danger to children now and upon his release. *Riles* is distinguishable.

¶10 The court did not abuse its discretion in entering the prohibition regarding contact with minors as a condition of Williams's sentence for failing to register.

¶11 We affirm.

DWYER, C.J., and LAU, J., concur.

Review denied at 170 Wn.2d 1022 (2011).