IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33314-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IAN SETH ALMBERG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Ian Seth Almberg was convicted of second degree robbery by a Spokane County jury. As part of the judgment and sentence, the court imposed a community custody condition prohibiting his possession or use of marijuana. Mr. Almberg contends the condition must be stricken because it is not crime-related and therefore not authorized by statute. We find the condition valid and affirm.

FACTS AND PROCEDURE

Ian Almberg was charged with second degree robbery stemming from an October 8, 2014 incident at Jimmy John's sandwich shop in Spokane Valley, where he was night manager. After closing, he returned to the shop at around 1:20 a.m. to make sure he had completed his responsibilities. A friend, Jason, who accompanied him took out a trash bag and reported to Almberg that two men were loitering near the dumpster. Because of previous confrontations with individuals in the dumpster area, Almberg retrieved a metal baseball bat from his car and proceeded to the dumpster. He confronted the men, Justin Lancaster and Chase McCoy, who were inside the dumpster's fenced enclosure talking

and smoking marijuana. Almberg pounded the bat on the ground and demanded they leave. As they began to walk away, Almberg questioned them about an unrelated incident at Almberg's apartment a year earlier. He demanded that McCoy turn over his backpack, shoes and cell phone. Inside McCoy's backpack were his wallet, some clothing, food, and marijuana pipes. Almberg smashed the cell phone glass with the bat. Jason stomped and kicked McCoy. Lancaster and McCoy both fled the area. The jury convicted Almberg of second degree robbery.

As part of the judgment and sentence, the court included a community custody condition prohibiting Mr. Almberg from possessing or using marijuana. The court stated during the sentencing hearing:

> You're not to use any controlled substances, nonprescribed controlled substances, during your term of community custody. That includes marijuana. Marijuana is not illegal under state law, but it is still illegal under the federal law so no possession or consumption of that while on community custody.

Report of Proceedings (RP) at 158. With regard to community custody conditions, paragraph 4.2(B) of the judgment and sentence provides in pertinent part:

> While on community custody, the defendant shall: . . . (4) not consume controlled substances except pursuant to lawfully issued prescriptions; (5) not unlawfully possess controlled substances while on community custody.

Clerk's Papers (CP) at 106. The judgment and sentence further states the condition that Mr. Almberg shall engage in "[n]o use or possession of Marijuana and or products containing Tetrahydrocannabionnol [sic] (THC)." CP at 107. He appeals that condition.

2

ANALYSIS

Mr. Almberg contends the sentencing court exceeded its statutory authority in imposing the community custody condition prohibiting his possession or use of marijuana because the condition is not crime-related. We find no error.

The trial court lacks authority to impose a community custody condition unless authorized by the legislature. *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013). We review de novo a trial court's statutory authority to impose a particular community custody condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

RCW 9.94A.703 sets forth community custody conditions that a court must or may impose. The statute provides in pertinent part:

> When a court sentences a person to a term of community custody, the court shall impose conditions of community custody as provided in this section.
> . . . .
> (2) **Waivable conditions.** Unless waived by the court, as part of any term of community custody, the court shall order the offender to:
> . . . .
> (c) Refrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions.
> . . . .
> (3) **Discretionary conditions.** As part of any term of community custody, the court may order an offender to:
> . . . .
> (f) Comply with crime-related prohibitions.

RCW 9.94A.703(2)(c), (3)(f).

3

A "crime-related prohibition" is defined as "[a]n order of the court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). No causal link need be established between the condition imposed and the crime committed, so long as the condition relates to the circumstances of the crime. *State v. Williams*, 157 Wn. App. 689, 691-92, 239 P.3d 600 (2010). A condition is not crime-related if there is no evidence linking the prohibited conduct to the offense. *State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008). Courts review the imposition of crime-related prohibitions for abuse of discretion. *Williams*, 157 Wn. App. at 691.

Mr. Almberg contends the marijuana prohibition is not crime-related, and the court therefore abused its discretion in imposing it, because the charge and conviction is for second degree robbery and there was no evidence that any drugs were involved in the offense. The State counters that any reasonable person would believe that use or possession of marijuana contributed in some fashion to the robbery offense because the trial court was aware that Almberg allegedly sold marijuana to Lancaster in the past (even though this information was excluded from trial), McCoy's backpack taken during the robbery contained glass marijuana smoking pipes, the court was aware that Almberg had a previous conviction for a misdemeanor marijuana offense, and Almberg had recently pleaded guilty to an unrelated drug charge for which he was awaiting sentencing. Moreover, Almberg, through counsel, expressly agreed to all of the community custody conditions imposed.

4

The parties' contentions relating to whether the marijuana prohibition is crime-related miss the mark, and we need not decide that question, because it was not the basis the court used to impose the condition. Instead, the court relied on RCW 9.94A.703(2)(c) as its basis because, despite the state's legalization of possession or use of small amounts of marijuana, it is still a banned controlled substance under federal law.

Indeed, RCW 69.50.101(d) defines a "controlled substance" as "a drug, substance, or immediate precursor included in Schedules I through V as set forth in federal or state laws, or federal or commission rules." Marijuana is a Schedule I drug under the United States Controlled Substances Act. 21 U.S.C. § 812. Therefore, marijuana as a community custody condition can survive because it is a "controlled substance." Mr. Almberg's additional argument that the U.S. Department of Justice may choose not to enforce federal marijuana laws against most individual users in states where marijuana is now legal to use is irrelevant to the inquiry. The document cited by Mr. Almberg—an August 29, 2013 Memorandum for all United States Attorneys from Deputy Attorney General James M. Cole on the subject of "Guidance Regarding Marijuana Enforcement"—specifically states, at page 4, that the memorandum "does not alter in any way the Department's authority to enforce federal law, including federal laws relating to marijuana, regardless of state law." [1]

---

[1] Available at: www.justice.gov/iso/opa/resources/3052013829132756857467.pdf (last visited January 26, 2016).

Finally, although RCW 9.94A.703(2)(c) excepts from the community custody prohibition the use of a controlled substance pursuant to a prescription, the exception does not control because one can never obtain a prescription for marijuana use. RCW 69.50.308. Even in the context of medical marijuana, the user obtains an "authorization," not a prescription, from a health care provider. RCW 69.51A.030(2)(a). The trial court here correctly recognized that marijuana is a nonprescribed controlled substance.

The condition prohibiting Mr. Almberg from possessing or using marijuana was authorized by statute. The court did not err in imposing it.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.