IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33139-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS RAY MCBRIDE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Thomas McBride appeals his conviction for

possession of methamphetamine. He raises three issues on appeal. First, he argues that

RCW 69.50.4013 violates the Eighth and Fourteenth Amendments to the United States

Constitution because it makes it a felony to possess drug residue without a culpable

mental state. He also argues he received ineffective assistance of counsel because

defense counsel did not object when the sergeant testified that he knew Mr. McBride

through his line of work. Finally, Mr. McBride argues the trial court exceeded its

statutory authority when it imposed the community custody condition that he not possess

or use marijuana because the condition is not crime related. We disagree with his

arguments and affirm.

## FACTS

Sergeant Dan Brown was on patrol a few miles north of Colfax, Washington, when he saw Mr. McBride driving southbound. Sergeant Brown knew Mr. McBride and suspected that he did not have a valid driver's license. Sergeant Brown then followed Mr. McBride and had the police dispatcher run Mr. McBride's driver's license. The dispatcher told Sergeant Brown that Mr. McBride's license was suspended. Sergeant Brown then pulled Mr. McBride over and arrested him for driving with a suspended license.

After arresting Mr. McBride, Sergeant Brown searched him. Mr. McBride pulled a blue metal container from his left coat pocket and handed it to Sergeant Brown. Sergeant Brown looked in the container and saw a white residue. Sergeant Brown sent the container to the Washington State Crime Laboratory. The residue tested positive for methamphetamine.

The State charged Mr. McBride with possession of methamphetamine. During Sergeant Brown's direct examination, the following exchange occurred:

> [PROSECUTOR]: Alright. And did you observe anything when you were in that area that day?
> [SERGEANT] BROWN: Yes. I did.
> [PROSECUTOR]: What did you observe?
> [SERGEANT] BROWN: I saw a vehicle driving southbound. I recognized the driver as Thomas McBride, the defendant.

[PROSECUTOR]: How do you know Mr. McBride?
[SERGEANT] BROWN: I've known Mr. McBride for
approximately 15 years.
[PROSECUTOR]: Why?
[SERGEANT] BROWN: I've dealt with him in my line of work.

Report of Proceedings (RP) at 72-73. Defense counsel did not object to this testimony.

The scientist from the state crime laboratory testified that there was not a weighable

amount of the methamphetamine in the container, but just a residue.

The jury convicted Mr. McBride. At sentencing, the trial court imposed

community custody conditions on Mr. McBride, one of which was that Mr. McBride

could "not possess or consume marijuana or unprescribed controlled substances." Clerk's

Papers (CP) at 61. Mr. McBride appeals.

## ANALYSIS

A.    CONSTITUTIONALITY OF RCW 69.50.4013

Mr. McBride argues that RCW 69.50.4013 violates the Eighth Amendment's

prohibition of cruel and unusual punishment and the Fourteenth Amendment's guarantee

of due process because it makes possession of drug residue a felony without requiring any

culpable mental state.[1]

---

[1] Mr. McBride emphasizes that he was convicted of possessing "drug residue" rather than a larger amount of methamphetamine. However, under Washington law, possessing any amount of a controlled substance supports a conviction. *See State v.*

3

RCW 69.50.4013 makes it unlawful to possess a controlled substance without a valid prescription or as otherwise authorized. This statute contains no mens rea requirement. *State v. Bradshaw*, 152 Wn.2d 528, 539, 98 P.3d 1190 (2004).

This court reviews the constitutionality of a statute de novo. *State v. Schmeling*, 191 Wn. App. 795, 798, 365 P.3d 202 (2015). A statute is presumed to be constitutional, and the party challenging the constitutionality of a statute must prove its unconstitutionality beyond a reasonable doubt. *Id.*

### 1. *Eighth Amendment Challenge*

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. CONST. amend. VIII. There are two types of Eighth Amendment analyses: (1) determining whether a sentence is disproportionate to the particular crime, and (2) using categorical rules to define constitutional standards for certain classes of crimes or offenders. *Graham v. Florida*, 560 U.S. 48, 59-60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (holding that juvenile offenders cannot be sentenced to life imprisonment without parole for nonhomicide offenses). The categorical analysis addresses whether a particular punishment is categorically unconstitutional given the

---

*Schmeling*, 191 Wn. App. 795, 797 n.2, 365 P.3d 202 (2015).

nature of the offense or the characteristics of the offender. *Id.* at 60. Mr. McBride brings his Eighth Amendment challenge solely under the categorical analysis.

Division Two of this court recently addressed an identical Eighth Amendment categorical challenge to RCW 69.50.4013 in *Schmeling*, 191 Wn. App. at 799-800. Like Mr. McBride argues in this case, Mr. Schmeling also argued that *Graham* required the court to find RCW 69.50.4013 unconstitutional as applied because it makes possessing drug residue without any culpable mental state a felony. *Id.* at 800-01. The *Schmeling* court rejected this argument, reasoning that the United States Supreme Court has only applied the Eighth Amendment categorical analysis to death penalty cases and cases involving life imprisonment for juveniles. *Id.* at 800. Because *Graham* "did not hold or even suggest that the categorical approach should be applied to all adult sentences under the Eighth Amendment," the *Schmeling* court declined to apply it to punishment of adult drug offenders in the absence of any authority extending it to cases not involving the death penalty or juvenile offenders. *Id.*

Like in *Schmeling*, Mr. McBride has provided no authority extending the Eighth

Amendment categorical analysis to cases not involving the death penalty or juvenile

offenders. We also decline to extend the analysis here.[2]

2.    *Due process Challenge*

Mr. McBride also raises a due process challenge to RCW 69.50.4013. *Schmeling*

held that RCW 69.50.4013 does not violate due process even though it makes possession

of drug residue a felony without requiring any culpable mental state. *Id.* at 801. The

court reasoned that the Washington Supreme Court has considered whether the

possession of a controlled substance statute contains a mens rea element twice, and both

times our Supreme Court concluded that the legislature intentionally omitted a mens rea

element and also declined to imply the existence of those elements. *Id.* (citing *State v.*

*Cleppe*, 96 Wn.2d 373, 380-81, 635 P.2d 435 (1981); *Bradshaw*, 152 Wn.2d at 534-38).

Like Mr. Schmeling, Mr. McBride cites several cases from other jurisdictions

holding that various strict liability offenses violated due process. *See United States v.*

---

[2] The *Schmeling* court also noted that even if the categorical analysis was
applicable, Mr. Schmeling failed to demonstrate a national consensus against punishing
the possession of drug residue as a felony. *Schmeling*, 191 Wn. App. at 800 n.4. The
*Graham* court reasoned that 39 of 50 states did not impose a life without parole sentence
for nonhomicide juvenile offenses. *See Graham*, 560 U.S. at 64. Here, Mr. McBride
points to only 15 of 50 states that do not impose a felony sentence for possessing drug
residue.

*Macias*, 740 F.3d 96, 105 (2d Cir. 2014) (Raggi, J., concurring) (reasoning that the federal illegal reentry statute requires at least some proof of mens rea in order to comport with due process); *United States v. Wulff*, 758 F.2d 1121, 1125 (6th Cir. 1985) (felony provision of Migratory Bird Treaty Act violates due process without some proof of mens rea); *State v. Brown*, 389 So. 2d 48, 50-51 (La. 1980) (statute that criminalized "unknowing" possession of a controlled substance was overbroad). The *Schmeling* court considered these other cases but concluded that they were unpersuasive in light of our Supreme Court's repeated approval of the legislature's authority to adopt strict liability crimes and the express findings in *Bradshaw* and *Cleppe* that the possession statute contains no mens rea element. *See Schmeling*, 191 Wn. App. at 802. We similarly conclude that RCW 69.50.4013 does not violate due process.

B.    INEFFECTIVE ASSISTANCE

Mr. McBride argues defense counsel provided ineffective assistance because he failed to object when Sergeant Brown testified that he knew Mr. McBride because he had "dealt with him in [his] line of work." RP at 73. Mr. McBride argues that the only purpose of this testimony was to show his past propensity for criminal activity, that the trial court would have sustained an objection to it, and that defense counsel's failure to object was not tactical.

7

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant receives ineffective assistance if the attorney's conduct (1) falls below a minimum objective standard of reasonable attorney conduct, and (2) prejudiced the defendant, i.e., there is a reasonable probability the attorney's conduct affected the case's outcome. *State v. Benn*, 120 Wn.2d 631, 663, 845 P.2d 289 (1993). "A defendant must *affirmatively prove prejudice*, not simply show that 'the errors had some conceivable effect on the outcome.'" *State v. Crawford*, 159 Wn.2d 86, 99, 147 P.3d 1288 (2006) (quoting *Strickland*, 466 U.S. at 693). Because ineffective assistance of counsel is an issue of constitutional magnitude, it may be considered for the first time on appeal. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

"There is a strong presumption that counsel has rendered adequate assistance and has made all significant decisions in the exercise of reasonable professional judgment." *Benn*, 120 Wn.2d at 665. A defendant cannot claim ineffective assistance if defense counsel's trial conduct can be characterized as legitimate trial strategy or tactic. *Id.* (quoting *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991)). "The decision whether to object is a classic example of trial tactics, and only in egregious circumstances will the failure to object constitute ineffective assistance of counsel." *State v. Kolesnik*,

8

146 Wn. App. 790, 801, 192 P.3d 937 (2008). Ineffective assistance is a mixed question of law and fact and reviewed de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

ER 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of prior bad acts is not admissible to show a defendant is a "criminal type." *State v. Brown*, 132 Wn.2d 529, 570, 940 P.2d 546 (1997). Being known to a police officer may be suggestive of prior bad acts, but it is not conclusive. *State v. Clemons*, 56 Wn. App. 57, 62, 782 P.2d 219 (1989).

The State argues that Sergeant Brown's testimony did not trigger ER 404(b) at all because "[t]here is nothing in Sergeant Brown's testimony that would supply the jury with a specific crime, wrong, or act," and it was just as likely that Sergeant Brown knew Mr. McBride from noncriminal circumstances. Br. of Resp't at 10. While it is true that Sergeant Brown did not expressly testify that he knew Mr. McBride from prior criminal activity, he strongly implied it. The testimony was improper.

However, applying the strong presumption that counsel has rendered adequate assistance and has made all significant decisions in the exercise of reasonable professional judgment, defense counsel's decision not to object to Sergeant Brown's

9

testimony can be properly characterized as a strategic one. An objection would have drawn the jury's attention to the fact that Sergeant Brown had dealt with Mr. McBride "in [his] line of work" more so than simply allowing Sergeant Brown to continue his testimony. We conclude that defense counsel was not ineffective by not objecting to Sergeant Brown's improper testimony.

### C.   MARIJUANA COMMUNITY CUSTODY CONDITION

Mr. McBride argues the trial court exceeded its statutory authority in imposing the community custody condition prohibiting his possession or use of marijuana because the condition is not crime related.

"The trial court lacks authority to impose a community custody condition unless authorized by the legislature." *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013). This court reviews a trial court's statutory authority to impose a particular community custody condition de novo. *Id.* A defendant may challenge an unlawful sentence for the first time on appeal.[3] *Id.*; *State v. Jones*, 118 Wn. App. 199, 204, 76 P.3d 258 (2003).

---

[3] Although a sentence imposed without statutory authority may be addressed for the first time on appeal, the appropriateness of a particular community custody condition that involves a trial court's discretion is susceptible to waiver. *See State v. Coombes*, 191 Wn. App. 241, 254, 361 P.3d 270 (2015), *review denied*, 185 Wn.2d 1020, 369 P.3d 500 (2016). Because Mr. McBride argues the trial court had no discretionary authority to

10

RCW 9.94A.703 sets forth community custody conditions that a court must or may impose. The statute provides in pertinent part:

> When a court sentences a person to a term of community custody, the court shall impose conditions of community custody as provided in this section.
>
> . . . .
>
> (2) **Waivable conditions.** Unless waived by the court, as part of any term of community custody, the court shall order the offender to:
>
> . . . .
>
> (c) Refrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions;
>
> . . . .
>
> (3) **Discretionary conditions.** As part of any term of community custody, the court may order an offender to:
>
> . . . .
>
> (f) Comply with any crime-related prohibitions.

RCW 9.94A.703. A "crime-related prohibition" is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). Courts review the imposition of crime-related prohibitions for an abuse of discretion. *State v. Williams*, 157 Wn. App. 689, 691, 239 P.3d 600 (2010).

Mr. McBride argues the community custody condition prohibiting his possession or use of marijuana is not crime related, and the trial court therefore abused its discretion in imposing it, because there was no evidence marijuana was involved in his

impose the condition absent a finding the condition was crime related, we address his

11

methamphetamine possession offense. However, the question of whether marijuana was involved in Mr. McBride's offense is irrelevant in this case because the trial court did not impose the condition as a crime-related prohibition under RCW 9.94A.703(3)(f). Rather, the court relied on RCW 9.94A.703(2)(c) as its basis for imposing the condition because, despite Washington's legalization of possession and use of small amounts of marijuana, it is still a banned controlled substance under federal law.

A "controlled substance" is "a drug, substance, or immediate precursor included in Schedules I through V as set forth in *federal* or state laws, or federal or board rules." Former RCW 69.50.101(d) (2013) (emphasis added). Marijuana is a schedule I drug under the United States Controlled Substance Act. 21 U.S.C. § 812. Therefore, prohibiting the possession or use of marijuana can survive as a community custody condition because marijuana is a "controlled substance."

To support his argument, Mr. McBride cites *Jones*, 118 Wn. App. 199. However, *Jones* actually helps the State's position. *Jones* held that the trial court *could* order Everett Jones not to consume alcohol, even though alcohol was unrelated to Mr. Jones's crime, because a separate subsection expressly authorized the alcohol prohibition—just like a separate subsection authorized the marijuana prohibition in this case. *See id.* at

argument.

12

206-07. *Jones* also held that the trial court exceeded its authority when it ordered Mr. Jones to participate in alcohol counseling. *Id.* at 207-08. However, the statute that authorized the trial court to order treatment or counseling required those conditions to be crime related. *Id.* at 207 (citing former RCW 9.94A.700(5)(c)). As discussed above, RCW 9.94A.703(2)(c) does not require the community custody condition prohibiting Mr. McBride from possessing or consuming marijuana to be crime related, so *Jones* is inapposite.

Mr. McBride also appears to argue that the trial court exceeded its statutory authority when it imposed this community custody condition because it never made any findings that he was chemically dependent. However, RCW 9.94A.703 does not require a trial court to find that a defendant is chemically dependent before it imposes any of the enumerated community custody conditions. Rather, the statute provides that "as part of *any* term of community custody, the court *shall* order an offender to . . . [r]efrain from possessing or consuming controlled substances." RCW 9.94A.703(2) (emphasis added). We conclude that the trial court did not err when it imposed the community custody condition that Mr. McBride not possess or use marijuana.

13

No. 33139-3-III
*State v. McBride*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____     _____
Siddoway, J.                                           Pennell, J.

14