IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35631-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL LEE MERRILL, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Michael Merrill pled guilty to raping his step-granddaughter in his home multiple times over a period of years. On appeal, he challenges five community custody conditions imposed at sentencing. We grant him partial relief.

FACTS

Since this appeal concerns only community custody conditions imposed on appellant Michael Merrill, we summarize the facts. Some of those facts influence the validity of conditions imposed.

In 2009 when Rachel's mother died, Rachel went to live with her grandparents, Cindy and Michael Merrill. Rachel is a pseudonym. Michael Merrill first raped Rachel

when she was five or six years old, and he thereafter orally and digitally raped Rachel countless times. Cindy Merrill learned of her husband's conduct when reading Rachel's diary at a time that Rachel was sixteen years old.

Rachel told law enforcement officers of incidents of rape continuing until she reached thirteen years of age. Michael Merrill confessed to the conduct and claimed the offenses began when he drank alcohol and watched pornography.

PROCEDURE

The State of Washington charged Michael Merrill with four counts of first degree rape of a child, one count of second degree rape of a child, and one count of third degree rape of a child. The information alleged the first degree rape of a child occurred between April 29, 2006 and April 28, 2008. The information alleged the second degree rape of a child occurred between April 29, 2011 and April 28, 2013. The trial court appointed defense counsel for Merrill because of his indigency.

Michael Merrill and the State entered into a plea agreement, under which Merrill agreed to plead guilty to one count of first degree rape of a child and one count of second degree rape of a child and further agreed not to request a special sex offender sentencing alternative. In exchange, the State would dismiss all other charges. On July 15, 2016, pursuant to the plea agreement, Michael Merrill pled guilty to first and second degree rape of a child. Merrill agreed the trial court could use police reports and the statement of probable cause to establish a factual basis for his plea.

2

The trial court sentenced Michael Merrill to a standard range sentence of one hundred and forty months' confinement to life for the first degree rape of a child and one hundred and thirty-six months' confinement to life for the second degree rape of a child. The court ordered that the sentences for the respective crimes be served concurrently. Merrill was 63 years old at the time of sentencing and will serve at least twelve years in prison. The sentencing court also imposed a lifetime of community custody, assuming Merrill gains release from prison in his lifetime. The community custody conditions included:

> (14) That you obtain a substance abuse evaluation and abide by all recommendations;
> (15) That you abide by any curfew imposed by your community corrections officer;
> . . . .
> (17) That you do not go to areas where minors are known to congregate, (CCO will outline those places that are off limits) as defined by your community corrections officer. That if approved to visit those places, you are supervised by a chaperone or guardian approved by the therapist and your community corrections officer;
> . . . .
> (19) That you do not possess or view pornography in any form;
> (20) That you do not enter any sex-related locations (i.e. porn-shops, peep-shows, nude bars, etc.);

Clerk's Papers at 39.

The sentencing court also imposed legal financial obligations of a $500 victim assessment fee, a $200 criminal filing fee, and a $100 deoxyribonucleic acid (DNA) collection fee. Michael Merrill later moved to vacate his financial obligations. The

3

sentencing court denied the motion. Subsequently, the trial court entered an order of

indigency allowing Merrill to appeal at public expense.

LAW

On appeal, Michael Merrill assigns error to some of the community custody

conditions imposed on him and some of the legal financial obligations imposed by the

sentencing court. We address the assignments in such order. This lead opinion functions

as the majority opinion for all but the discussion of community custody condition 17.

Community Custody Conditions

A trial court may only impose a sentence authorized by statute. *In re Postsentence*

*Review of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). As part of any sentence

involving community custody, the court may impose and enforce crime-related

prohibitions and other affirmative conditions. *State v. Warnock*, 174 Wn. App. 608, 611-

12, 299 P.3d 1173 (2013). Evidence must link the prohibited conduct to the offense.

*State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008).

Appellate courts review the imposition of crime-related prohibitions for abuse of

discretion. *State v. Williams*, 157 Wn. App. 689, 691, 239 P.3d 600 (2010). A trial court

abuses its discretion if its decision is manifestly unreasonable or if exercised on untenable

grounds or for untenable reasons. *State v. Rodriguez*, 163 Wn. App. 215, 224, 259 P.3d

1145 (2011). This court reviews the factual basis for crime-related conditions for

substantial evidence. *State v. Irwin*, 191 Wn. App. 644, 656, 364 P.3d 830 (2015). A

4

court does not abuse its discretion if a reasonable relationship between the crime of conviction and the community custody condition exists. *State v. Irwin*, 191 Wn. App. at 659.

*Substance Abuse Evaluation*

Michael Merrill challenges community custody condition fourteen that demands he obtain a substance abuse evaluation and abide by all recommendations. Merrill concedes that the sentencing court may order him to undergo an alcohol evaluation, but argues that the condition also erroneously imposes a controlled substance evaluation. The State concedes this error. We accept the State's concession. We remand for the sentencing court to alter community custody fourteen to require only an "alcohol abuse evaluation."

RCW 9.94A.703(3)(d) authorizes the court to order an offender to participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community. Alcohol and drugs are not interchangeable terms in the sentencing context. *State v. Warnock*, 174 Wn. App. at 613-14. In *State v. Munoz-Rivera*, 190 Wn. App. 870, 893, 361 P.3d 182 (2015), this court held that a community custody condition requiring Munoz-Rivera to undergo an evaluation and treatment for substance abuse other than alcohol was statutorily unauthorized because no evidence established any substance other than alcohol contributed to the offense.

*Curfew*

Michael Merrill next challenges community custody condition fifteen that demands he abide by any curfew imposed by his community corrections officer. He contends that this condition lacks any relationship to his crimes since he did not commit the crimes outside his home or at any particular time of the day or night. The State again concedes error. Therefore, we remand for the sentencing court to strike this condition.

*Areas Where Minors Congregate*

This portion of the lead opinion constitutes my dissent from the majority's ruling upholding in part community custody condition 17 that precludes Michael Merrill from visiting a place where minors congregate as defined by the community custody officer. Merrill challenges the condition on the basis that the condition is not crime related and the condition is unduly vague and unconstitutional. I agree with both contentions. The majority chooses to strike the language allowing the community custody officer to define prohibited places, define minors as children under the age of sixteen, and otherwise uphold the condition on the basis of *State v. Johnson*, 4 Wn. App. 2d 352, 421 P.3d 969, *review denied*, 192 Wn.2d 1003, 430 P.3d 260 (2018). I would strike the condition in its entirety.

In addition to the requirement that a statute authorize a community custody condition, constitutional restraints limit community custody conditions. For instance, the sentencing court may not impose an unconstitutionally vague community custody

condition. *State v. Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010). Under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution, due process requires that citizens have fair warning of proscribed conduct. *State v. Valencia*, 169 Wn.2d at 791.

A community custody condition is unconstitutionally vague if the condition does not define the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is proscribed or if the condition does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). If the condition fails either prong of the vagueness analysis, the condition is void for vagueness. *State v. Bahl*, 164 Wn.2d at 753. A condition is not vague, however, merely because a person cannot predict with complete certainty the exact point at which his or her actions would be classified as prohibited conduct. *State v. Valencia*, 169 Wn.2d at 793.

A defendant may assert a vagueness challenge to a condition of community custody for the first time on appeal. *State v. Bahl*, 164 Wn.2d at 745. Remand to the trial court to amend the community custody term or to resentence consistent with the statute is the proper remedy for a vague condition. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

In *State v. Irwin*, 191 Wn. App. at 649 (2015), this court considered an identical condition. The community custody condition also stated that such places would be

defined by the defendant's community corrections officer. The court concluded the condition was vague, struck it, and remanded for resentencing. The court reasoned that, without clarifying language or an illustrative list of prohibited locations, the condition does not give ordinary people sufficient notice to understand what conduct is proscribed. In addition, the court held it was improper to leave discretion to define such places with the community corrections officer because it left the condition vulnerable to arbitrary enforcement, thereby failing both prongs of the vagueness analysis.

The State concedes community custody condition seventeen violates vagueness standards and requests that this court remand for clarification of prohibited places and for the sentencing court to strike the language delegating discretion to the community corrections officer. Assuming the community custody condition related to Merrill's crime, I would direct that the condition define "minors" as those under the age of sixteen and direct that the condition fairly and specifically delineate the restricted locations. I addressed such a community custody condition in my dissent in *State v. Johnson*, 4 Wn. App. 2d 352 (2018).

Michael Merrill also argues that condition 17 is not crime related so it should be stricken in its entirety. Merrill's offenses involved his step-granddaughter solely at his home. No evidence shows that Merrill trolled places outside his home in order to find an unsuspecting victim. Because substantial evidence does not support this condition being crime related, the condition should be struck.

8

*Viewing or Possessing Pornography*

My opinion returns now to being the majority opinion. Michael Merrill argues that community custody condition nineteen that prohibits him from viewing or possessing pornography "in any form" is also unconstitutionally vague. Merrill also asks that we strike the condition in its entirety because the condition lacks any relationship to his crime. The State concedes that, because the sentence does not define "in any form," the condition is vague. The State requests that we clarify, rather than strike condition nineteen.

Michael Merrill admits that his crimes against his step-granddaughter started when he watched pornography. Thus, the community custody condition relates to his crimes. As we have done in other appeals, we remand to modify the condition. The sentencing court should reform the language of the condition to prohibit the viewing of "sexually explicit material as defined by RCW 9.68.130(2)." Such a reading passes constitutional muster.

*Sex-related Locations*

With community custody condition twenty, the trial court imposed a restriction on Michael Merrill entering sex-related locations such as porn-shops, peep-shows, or nude bars. Merrill argues this court recently struck an identical condition in *State v. Johnson*, 4 Wn. App. 2d 352 (2018). Indeed, in *Johnson*, this court found the prohibition of entering sex-related businesses unrelated to the crime. We stated "[t]he mere fact that Mr.

9

Johnson has been convicted of a sex offense, and thus exhibited an inability to control sexual impulses, is insufficient to provide the necessary link." *State v. Johnson*, 4 Wn. App. 2d at 359-60.

Two months after this court decided *Johnson*, our Supreme Court issued *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 425 P.3d 847 (2018). The *Nguyen* decision encompassed two consolidated cases. In addition to resolving Hai Minh Nguyen's appeal, the court also resolved Dominique Norris' appeal from *State v. Norris*, 1 Wn. App. 2d 87, 404 P.3d 83 (2017), *aff'd in part, reversed in part, sub nom. State v. Nguyen*, 191 Wn.2d 671 (2018). The Supreme Court thereby implicitly overruled *Johnson*. In Norris' prosecution, evidence showed that Norris molested a twelve year old boy in both her home and the boy's home. After pleading guilty to three counts of second degree child molestation, the trial court imposed a community custody condition that Norris refrain from entering any "sex-related business." *State v. Hai Minh Nguyen*, 191 Wn.2d at 677-78.

In *State v. Hai Minh Nguyen*, this court struck the sex business community custody condition as unrelated to the crime. The Supreme Court disagreed and reversed. The high court wrote:

> [T]his condition has more to do with Norris' inability to control her urges and impulsivities than it does with the specific facts of her crimes. Norris' case is like *Kinzle*, [181 Wn. App. 774 (2014)] in that it was clear that the prohibition was imposed to prohibit conduct that might cause the convict to reoffend. Here, it is unlikely that Norris will meet a minor, and

10

potential victim, in a 'sex-related business.' But, it is reasonable to conclude that Norris will struggle to rehabilitate from her sexual deviance so long as she frequents 'sex-related businesses.' Norris' crimes have as much to do with her inability to control her sexual urges as they do with her access to minors.

*State v. Hai Minh Nguyen*, 191 Wn.2d at 687.

Under the reasoning of *State v. Nguyen*, a prohibition against entering a sex-related business relates to Michael Merrill's crimes of conviction. The Supreme Court believes that banning entry into a sex-related business will help Merrill to curb his sexual urges. Therefore, we uphold community custody condition twenty.

Legal Financial Obligations

In his supplemental brief, Michael Merrill asks this court to strike the $200 criminal filing fee imposed at sentencing pursuant to *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). *Ramirez* directs this court to apply the changes in legal financial obligation statutes to cases pending on appeal. RCW 36.18.020(2)(h) now states that the criminal filing fee shall not be imposed on a defendant who is indigent. *State v. Ramirez*, 191 Wn.2d at 747. The trial court found Merrill indigent for purposes of trial and his appeal. Therefore, we direct the striking of the $200 criminal filing fee.

CONCLUSION

We remand for these limited purposes:

1. Modify community custody condition fourteen to change from "substance abuse evaluation" to "alcohol abuse evaluation;"

11

2. Strike condition fifteen in its entirety;

3. Modify condition seventeen to read: "That you do not go to places where children under 16 are known to congregate. Such places include daycare centers, playgrounds, schools and school yards attended by children under 16, skating rinks, and video arcades." Concurrence at 3.

4. Strike the word "pornography" in condition nineteen and insert the term "sexually explicit material as defined by RCW 9.68.130(2);" and

5. Strike the $200 criminal filing fee legal financial obligation.

We affirm all other challenged trial court rulings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

I CONCUR:

_____
Pennell, A.C.J.

No. 35631-1-III

LAWRENCE-BERREY, C.J. (concurring) — We concur with the lead opinion except on how to resolve the community custody condition that prohibits Michael Merrill from going to places where minors are known to congregate. On that issue, this opinion is the lead opinion.

Merrill challenges community custody condition 17. That condition prohibits him from going places where minors are known to congregate and requires Merrill's community corrections officer (CCO) to "outline those places that are off limits." Clerk's Papers (CP) at 39. The State concedes that a condition that requires a definition from a CCO is unconstitutionally vague because when the sentence is ordered, it lacks ascertainable standards and is vulnerable to arbitrary application by the CCO. We agree. *See State v. Bahl*, 164 Wn.2d 739, 754-55, 193 P.3d 678 (2008).

The State notes we have previously approved a community custody condition that prohibits an offender from frequenting places where children are known to congregate. *See State v. Johnson*, 4 Wn. App. 2d 352, 360-61, 421 P.3d 969, *review denied*, 192 Wn.2d 1003, 430 P.3d 260 (2018). In *Johnson*, the condition required the offender to avoid places where children under 16 years of age congregate and listed nonexclusive examples of such places. The State asks that we remand for the trial court to replace

condition 17 with a condition similar to the one approved in *Johnson*. Before doing so, we discuss why the condition in *Johnson* is constitutional.

The guarantee of due process contained in the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution requires that both laws and community custody conditions not be unconstitutionally vague. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). A condition is unconstitutionally vague if it (1) does not define the prohibited conduct with sufficient definiteness that ordinary people can understand the proscribed conduct, or (2) does not provide ascertainable standards to protect against arbitrary enforcement. *Id.* (quoting *Bahl*, 164 Wn.2d at 752-53). "A community custody condition 'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which [their] actions would be classified as prohibited conduct.'" *Id.* (quoting *City of Seattle v. Eze*, 111 Wn.2d 22, 27, 759 P.2d 366 (1988)).

In *State v. Irwin*, 191 Wn. App. 644, 364 P.3d 830 (2015), we examined whether a condition that prohibited an offender from frequenting places where minors are known to congregate was unconstitutionally vague. We held that the condition needed clarifying language to pass constitutional muster and suggested that an illustrative list of prohibited places would suffice to give fair warning of the proscribed conduct. *Id.* at 654-55. If an illustrative list is sufficiently definite to provide fair warning of the proscribed conduct, the condition is not unconstitutionally vague even though a person cannot predict with complete certainty the prohibited conduct. *See Hai Minh Nguyen*, 191 Wn.2d at 678-79.

The term "minors" used here by the trial court is slightly overbroad and we direct the court to use a narrower descriptor. Trial courts impose the subject condition after an offender has been convicted of a sexual offense against a young person. The various degrees of child rape and child molestation criminalize sexual acts against children under 16. *See* RCW 9A.44.073-.089. We direct the trial court to replace condition 17 with the following language:

> That you do not go to places where children under 16 are known to congregate. Such places include daycare centers, playgrounds, schools and school yards attended by children under 16, skating rinks, and video arcades.

Merrill also argues the condition imposed by the trial court is not crime related. He raped his step-granddaughter in his home, and he argues there is "no evidence [he] trolled places outside his home for unrelated minor victims." Appellant's Br. at 13. Because the condition we direct the trial court to impose similarly prohibits Merrill from going places outside of his home where young persons are known to gather, we must address this argument.

A sentencing court has discretion to impose a community custody prohibition that is crime related. RCW 9.94A.703(3)(f). A "crime-related prohibition" is one "that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). The imposition of a constitutional community custody condition is reviewed for an abuse of discretion. *Hai Minh Nguyen*, 191 Wn.2d at 678, 685.

3

In *Hai Minh Nguyen*, the defendant rented a bedroom in a house belonging to the parents of a girl. *Id.* at 675-76. Hai Minh Nguyen began molesting the girl when she was 6 years old. *Id.* at 676. By the time the girl was 8 or 9 years old, Hai Minh Nguyen began having sexual intercourse with her. *Id.* These acts continued until the girl was 13 years old. *Id.*

Hai Minh Nguyen was convicted of first degree child rape and first degree child molestation, and second degree child rape and second degree child molestation. *Id.* at 675. The trial court imposed several community custody conditions, including prohibiting Hai Minh Nguyen from possessing sexually explicit material as defined by RCW 9.68.130. *Id.* at 676.

On appeal, Hai Minh Nguyen argued the condition was not crime related because it was not directly related to his crime. *Id.* at 685. The Supreme Court disagreed. The court noted that a trial court has discretion to impose crime-related prohibitions. *Id.* at 685-86. For this reason, there need not be a direct connection between the crime of conviction and the prohibition. *Id.* Similarly, the State need not establish that access to the prohibited condition directly caused the crime or that lack of access will prevent reoffending. *Id.* Instead, "[s]o long as it is reasonable to conclude that there is a sufficient connection between the prohibition and the crime of conviction," a reviewing court will affirm the challenged prohibition. *Id.*

The court determined that there was a sufficient connection between access to sexually explicit materials and Hai Minh Nguyen's offenses. *Id.* at 686. The court

4

reasoned that Hai Minh Nguyen's sex crimes established his inability to control his sexual urges and the purpose of sexually explicit materials is to invoke sexual stimulation. *Id.*

Here, Merrill pleaded guilty to one count of rape in the first degree and one count of rape in the second degree. The victim was his step-granddaughter, who resided with him for years. Merrill has shown his inability to control his sexual urges toward a young girl who lived with him. Although in the past he had ready access to a young girl in his home, this access has been undoubtedly removed. For this reason, it is reasonable to conclude that Merrill might reoffend by looking for young girls outside his home. We conclude there is a sufficient connection between Merrill's sexual offenses against his step-granddaughter and the prohibition we are directing the trial court to impose.

Lawrence-Berrey, C.J.

I CONCUR:

Pennell, J.

5