# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>RICKY DESHAWN KING,<br><br>               Petitioner, | No. 78994-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — Ricky DeShawn King filed a personal restraint petition to challenge three conditions of community custody imposed by the trial court after his conviction for first degree child molestation. Because the trial court did not have statutory authority to impose one condition, did not make required findings to support restrictions on King's contact with his children while under community supervision, and an intervening Supreme Court decision clarified the requirements for the third condition, we remand for further proceedings consistent with this opinion.

## BACKGROUND

In December 2014, Ricky DeShawn King pleaded guilty to first degree child molestation for molesting his young stepdaughter who lived with King and the victim's mother and their four younger children. He also agreed with the State's recommendation for a special sex offender sentencing alternative (SSOSA) in lieu of a standard range indeterminate prison sentence. He agreed to various community custody conditions, including abstaining from alcohol, staying out of

parks, playgrounds, schools and other places where minors congregate, and to have no unsupervised contact with any minors without prior approval.

In February 2016 and April 2016, the Department of Corrections filed notices of violations of King's community custody conditions. The violations included King failing to attend treatment; being seen with a young girl after leaving a court hearing; regularly contacting the victim's mother and their children; drinking alcohol; and being at the home where his children and the victim live. The sentencing court then revoked King's SSOSA and imposed the original sentence of 96 months to life including all original community custody conditions. This court affirmed the SSOSA revocation on direct appeal.[1] King then filed a personal restraint petition on September 24, 2018.

ANALYSIS

King challenges three conditions imposed as part of his judgment and sentence, prohibiting unsupervised contact with minor children, prohibiting use of alcohol, and prohibiting him from entering "parks/playgrounds/schools and/or any places where minors congregate." Each of these conditions is related to the crime King committed.

Appellate courts review the imposition of crime related prohibitions for abuse of discretion.[2] A trial court abuses its discretion if it makes a manifestly unreasonable decision or exercises its discretion on untenable grounds or for

---

[1] State v. King, No. 75306-1-I, slip op. (Wash. Ct. App. Sept. 25, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/753061.pdf.
[2] State v. Williams, 157 Wn. App. 689, 691, 239 P.3d 600 (2010).

untenable reasons.[3]  We review the factual basis for crime related conditions for substantial evidence.[4]  A court does not abuse its discretion if a reasonable relationship between the crime of conviction and the community custody condition exists.[5]

Contact with Biological Children

King challenges a condition which states he shall, "Have no direct and/or indirect contact with minors without the supervision of a responsible adult who has knowledge of this conviction and the defendant's status as a registered sex offender without prior approval of the court, CCO, and treatment provider, and the informed consent of the minor's parent or guardian."  He claims "the condition of community custody restricting contact with minors violates his constitutional right to parent."  We address this challenge as applied in two situations,  when King is under community supervision and when King is incarcerated in the custody of the Department of Corrections.

Parents have a fundamental right to raise their children without State interference.[6]  But, parental rights are not absolute and may be subject to reasonable regulation.[7]  Sentencing courts can restrict fundamental parenting rights with a criminal sentence condition if the condition is reasonably necessary

---

[3] State v. Rodriguez, 163 Wn. App. 215, 224, 259 P.3d 1145 (2011).
[4] State v. Irwin, 191 Wn. App. 644, 656, 364 P.3d 830 (2015)
[5] Irwin, 191 Wn. App. at 659.
[6] In re Custody of Smith, 137 Wn.2d 1, 15, 969 P.2d 21 (1998) aff'd sub nom. Troxel v. Granville, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000); Meyer v. Nebraska, 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923).
[7] Prince v. Massachusetts, 321 U.S. 158, 166, 64 S. Ct. 438, 88 L. Ed. 645 (1944).

to further the State's compelling interest in preventing harm and protecting children.[8] Conversely, courts will vacate contact prohibition conditions that are not sufficiently related to the harm they seek to prevent, such as protecting a child.[9] "Such conditions must be 'sensitively imposed' so that they are reasonably necessary to accomplish the essential needs of the State and public order."[10] A no-contact order must be drawn narrowly to serve the interests of protecting the child.[11]

The State agrees with King the trial court should have entered findings to justify any limitations on his contact with King's biological children during community custody. It also agrees with King the trial court should specifically address the parameters and scope of community custody limitations regarding his biological children as separate from prohibitions on contacting minors in general. We accept the State's concession on these points. We are confident that on remand the trial court will also resolve King's concerns about the ambiguity of the current condition. Any further appellate review of limitations on King's contact with his biological children while on community custody is premature and must await the trial court's entry of findings and revision of any condition it narrowly tailors to protect the children.

King also complains the Department of Corrections (DOC) is prohibiting visitation with his children while he is in total confinement. This Court cannot

---

[8] State v. Corbett, 158 Wn. App. 576, 598, 242 P.3d 52 (2010).
[9] State v. Letourneau, 100 Wn. App. 424, 438, 997 P.2d 436 (2000).
[10] In re Rainey, 168 Wn.2d 367, 374, 229 P.3d 686 (2010).
[11] Rainey, 168 Wn.2d at 378.

address this complaint in this case. The DOC is not a party here. And, the complaint does not involve an issue of community custody. Neither the federal nor our state constitution creates a protected liberty interest in visitation between an inmate and his children while in a DOC facility.[12] The superior court does not have personal jurisdiction over the DOC on issues of visitation while in a DOC facility.[13] As the State correctly notes in its briefing, the trial court could suggest visitation if it believed it to be appropriate, but that suggestion would not be binding on the DOC. The DOC has its own rules and directives for controlling visits. Any issues King has with the DOC's visitation decisions while he is in prison must be pursued through the appropriate administrative process or other litigation.

Alcohol Consumption Condition

King asserts the trial court exceeded its authority by imposing the community condition prohibiting him to "not use or consume alcohol." The State concedes this case should be remanded to amend the condition to strike the words "use or."

Former RCW 9.94A.703(3)(e) authorized the court to impose a condition that prohibits offenders from consuming alcohol regardless of whether alcohol contributed to the offense.[14] This court has previously held that former RCW 9.94A.703(3)(e) authorizes conditions that refer to "consuming alcohol" but not using alcohol.[15] So, we accept the State's concession and remand to the trial

---

[12] Matter of Gossett, 7 Wn. App. 2d 610, 623-24, 435 P.3d 314 (2019).
[13] Gossett, 7 Wn. App. 2d at 625.
[14] State v. Norris, 1 Wn. App.2d 87, 99-100, 404 P.3d 83 (2017) rev'd on other grounds, State v. Nguyen, 191 Wn.2d 671, 425 P.3d 847 (2018)).
[15] Norris, 1 Wn. App.2d at 100.

court to strike the words "use or" from the challenged condition prohibiting alcohol use or consumption.

Frequenting Areas where Minor Children Congregate

King next claims the community custody condition prohibiting him from frequenting areas where minor children are known to congregate is unconstitutionally vague.

Due process, guaranteed by the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution, requires that legal standards like community custody conditions not be vague.[16] The rationale for this rule equally applies to community custody conditions.

To avoid vagueness, the condition must (1) provide ordinary people fair warning of proscribed conduct, and (2) have standards that are definite enough to protect against arbitrary enforcement.[17] A sentencing condition is unconstitutionally vague if it fails to do either.[18] But, a sentencing condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which the actions would be classified as prohibited conduct.[19]

The community custody condition King challenges as unconstitutionally vague orders King to "not enter any parks/playgrounds/schools and/or any places where minors congregate." He claims this condition is not sufficiently definite to

---

[16] Irwin, 191 Wn. App. at 652-53

[17] Irwin, 191 Wn. App. at 652-53.

[18] Irwin, 191 Wn. App. at 653.

[19] Irwin, 191 Wn. App. at 653.

apprise him of prohibited conduct and allows for the arbitrary enforcement by his community corrections officer.

In September 2019, our supreme court held that a community custody condition that, "The defendant…shall not loiter in nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls," was not unconstitutionally vague and satisfied due process.[20] The Supreme Court held that a nonexclusive list of examples cured any vagueness in the phrase "where children congregate."[21]

The State suggests that we should remand to the trial court to rewrite the challenged condition to read, "Do not enter any places where minors congregate, such as parks, playgrounds, and schools" to comport with Wallmuller. We agree.

CONCLUSION

The trial court did not have statutory authority to impose a condition about using alcohol and did not make required findings to support restrictions on King's contact with his children while under community supervision. And, an intervening Supreme Court decision clarified the requirements for the condition restricting access to places where minors congregate. So, we remand for further proceedings consistent with this opinion.

_____
Leach, J.

WE CONCUR:

_____        _____
Dwyer, J.                         Appelwick, J.

---

[20] State v. Wallmuller, 194 Wn.2d 234, 237, 245, 449 P.3d 619, 620 (2019).
[21] Wallmuller, 194 Wn.2d at 244-45.