IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 85379-1-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BENJAMIN VAZQUEZ LOPEZ, | |
| Appellant. | |

BOWMAN, J. — Benjamín Vázquez López[1] pleaded guilty to communicating with a minor for immoral purposes. Vázquez appeals two community custody conditions and legal financial obligations (LFOs) imposed by the court. The State concedes the errors. We remand for the court to consider modification of one community custody condition, clarify the other, and strike the victim penalty assessment (VPA) and community supervision fees.

FACTS

In May 2018, the State charged Vázquez with first degree child molestation of his partner's nine-year-old sister, S.F. In March 2023, the State amended the information and charged Vázquez with one count of communicating with a minor for immoral purposes. Vázquez pleaded guilty to the amended information as charged.

_____

[1] We adopt the spelling and surname of Benjamín Vázquez López as used in his briefing on appeal.

In May 2023, the trial court sentenced Lopez to 3 months of partial confinement and 12 months of community custody. It ordered him to pay a $500 VPA and community supervision fees as determined by the Department of Corrections (DOC). The court waived all other LFOs "based on indigency." And as a crime-related community custody condition, the court ordered Vázquez to "[a]void places where minors congregate including schools, playgrounds, child-care centers, . . . parks and recreational programs, unless otherwise approved by [DOC]." The court also ordered Vázquez to "[s]ubmit to a sexual history and periodic polygraph assessment" at his own expense as directed by DOC.

Vázquez objected to the community custody conditions. He asked the court to modify the language of the "avoid places" condition so that it would not infringe on his constitutional right to parent his minor children. He argued the condition as written would prevent him from going to places where his children wanted to go, like parks, and from picking up his children from day care and school. And he argued the court could not impose the "costly" polygraph condition because he is indigent.

The court declined to modify the conditions. As to the "avoid places" condition, it reasoned that Vázquez could "make that request to his community corrections officer [(CCO)], and if his [CCO] disapproves of it then he can come back to court and make a specific request of the court." And the court ruled that the polygraph condition is "an important aspect of the sexual deviancy treatment."

Vázquez appeals.

ANALYSIS

Vázquez argues that the trial court erred by refusing to modify the community custody conditions because the "avoid places" condition violates his right to parent and the polygraph condition is overly broad. He also argues that the court must strike the VPA and community supervision fees. We address each argument in turn.

I. Avoid Places Where Minors Congregate

Vázquez argues that the trial court abused its discretion when it refused to consider whether to tailor the community custody condition that he "[a]void places where minors congregate . . . unless otherwise approved by [DOC]" because the court based its decision on a misunderstanding of the law. The State concedes the error. We agree.

We review imposing community custody conditions for an abuse of discretion and reverse only if the decision is manifestly unreasonable or based on untenable grounds. *State v. Williams*, 157 Wn. App. 689, 691, 239 P.3d 600 (2010). A trial court's decision is untenable if the court bases it on a misunderstanding of the law. *State v. Meza*, 26 Wn. App. 2d 604, 609-10, 529 P.3d 398 (2023). And "we more carefully review conditions that interfere with a fundamental constitutional right, such as the fundamental right to the care, custody, and companionship of one's children." *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010) (citing *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008)).

When a court sentences a person to a term of community custody, it must also impose conditions of community custody. RCW 9.94A.703. Along with statutory mandatory conditions, the sentencing court may also order compliance with any crime-related prohibitions. RCW 9.94A.703(3)(f). Conditions that interfere with a fundamental constitutional right "must be 'sensitively imposed' " and narrowly drawn "so that they are 'reasonably necessary to accomplish the essential needs of the State and public order.' " *Rainey*, 168 Wn.2d at 374 (quoting *Warren*, 165 Wn.2d at 32).

Here, Vázquez objected to the condition that he avoid places where minors congregate unless approved by DOC. He asked the court to tailor the condition so it would not burden his right to parent his minor children. The court rejected the argument, telling Vázquez that he can later seek to modify the condition with his CCO and then, if necessary, petition the court to modify. But a trial court does not generally have authority to modify court-imposed community custody conditions in a non-SSOSA[2] sentence after sentencing. *See State v. Hubbard*, 1 Wn.3d 439, 446, 527 P.3d 1152 (2023); *see also State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008) (a trial court has only limited statutory authority to modify a sentence postjudgment). So, the court based its refusal to consider Vázquez's request for modification of the condition on a misunderstanding of the law. As a result, we accept the State's concession and remand to the trial court to consider modification of the "avoid places" community

---

[2] Special sex-offender sentencing alternative.

custody condition.[3]

II. LFOs

Vázquez argues that we should remand to the trial court to strike the VPA and community supervision fees from his judgment and sentence because he is indigent, and the laws requiring imposition of those fees have changed. The State concedes each issue. We accept the State's concessions.

First, regarding the VPA, when the trial court sentenced Vázquez in May 2023, former RCW 7.68.035(1)(a) (2018) required the court to impose a mandatory $500 VPA on all convicted defendants. But while Vázquez's appeal was pending, the legislature amended the VPA statute to prohibit sentencing courts from imposing the VPA on indigent defendants. RCW 7.68.035(4) (LAWS OF 2023, ch. 449, § 1, effective July 1, 2023). That prohibition applies prospectively to cases pending on appeal when the legislature amended the statute. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (citing *State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018)).

The parties do not dispute that Vázquez is indigent or that the legislature amended the VPA statute while his appeal was pending. We accept the State's concession and remand to strike the $500 VPA from the judgment and sentence.

Finally, Vázquez argues we should remand to strike the court-imposed supervision fees because the LFO "derives from a defunct statute." We agree.

---

[3] Vázquez also argues that the condition requiring him to submit to a sexual history and periodic polygraph assessment is overly broad because it does not explicitly limit its use to monitoring compliance. *See State v. Combs*, 102 Wn. App. 949, 952-53, 10 P.3d 1101 (2000). The State concedes the issue. Because we remand for the court to address the separate community custody condition, we need not accept the concession, and the parties may seek clarification of this condition on remand.

Effective June 2022, RCW 9.94A.703(2) no longer authorizes imposing community custody supervision fees. LAWS OF 2022, ch. 29, § 7; *see also* LAWS OF 2022, ch. 29, § 8 (effective July 1, 2022). The court sentenced Vázquez on May 3, 2023, almost a year after the legislature amended the statute. As a result, the court had no authority to impose supervision fees, and we remand for the court to strike them.

We remand for the trial court to consider modification of the "avoid places" community custody condition, clarify the polygraph condition, and strike the VPA and community supervision fees from Vázquez's judgment and sentence.

Brennan, J

WE CONCUR: